UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANGEL ROSA,

                      Plaintiff,                **FIRST AMENDED**
                                                      **COMPLAINT**

    -against-

                                                      14 CV 6584 (WFK) (CLP)

THE CITY OF NEW YORK,                                **JURY TRIAL**
POLICE OFFICER MATTHEW GUELI (TAX 945202),   **DEMANDED**
POLICE OFFICER JASON GREENBURG (940214),
and JOHN DOES 1-9,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, Angel Rosa, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff, Angel Rosa, was an adult male resident of Richmond County, within the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD").

        3.    At all relevant times hereinafter mentioned, defendant, POLICE OFFICER MATTHEW GUELI (TAX 945202), was an adult male employed by the NYPD with the rank of Officer, and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York. Upon information and belief, at all relevant times hereinafter mentioned, Defendant Gueli was assigned to the 120th Precinct of the

NYPD. Defendant Gueli is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER JASON GREENBURG (TAX 940214), was an adult male employed by the NYPD with the rank of Officer, and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York. Upon information and belief, at all relevant times hereinafter mentioned, Defendant Greenburg was assigned to the 120th Precinct of the NYPD. Defendant Greenburg is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned the Doe defendants were members of the NYPD employed by the defendant City of New York and acting under color of law and under color of their authority as officers, agents, servants and employees of the defendant City of New York. At all times hereinafter mentioned, the Doe defendants were assigned to the 120th Precinct of the NYPD. The Doe defendants' identities are currently unknown to the plaintiff. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the majority of the actions complained of herein occurred.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

11. On October 6, 2013 (the "Date of the Arrest"), at about 5:00 a.m., plaintiff was lawfully present in front of 350 St. Mark's Place in the County of Richmond, City and State of New York (the "Scene of the Arrest").

12. At this time, defendants Gueli and Greenburg arrived, approached plaintiff, and assaulted him, in part, by grabbing him and slamming his head to the ground, and striking him on his body, face, and head.

13. As a result of this assault, plaintiff lost consciousness.

14. At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

15. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

16. When he regained consciousness at the scene of the arrest, he was covered in blood, handcuffed, and the remaining Doe defendants had arrived.

17. Plaintiff was taken from the scene of the arrest to a station house of a local area precinct of the NYPD believed to be the 120th Precinct.

18. Plaintiff was held here for several hours before he was taken to the Emergency Room of Richmond University Hospital Medical Center to receive treatment for the injuries he sustained at the hands of the defendants, including defendant Gueli.

19. At the hospital, plaintiff was treated for several serious injuries including, but not limited to, head trauma, facial contusions and abrasions, and a nasal bridge fracture.

20. Plaintiff was detained and treated at the hospital for several hours, were he remained in the custody and control of the defendants, before he was transferred back to the 120th Precinct.

21. Plaintiff was held here for several additional hours before he was transferred to the Richmond County Criminal Court located at 67 Targee Street in Staten Island.

22. Plaintiff was detained at Richmond County Criminal Court in a holding facility operated by the City of New York and members of the New York City Police Department.

23. Plaintiff was eventually arraigned on a criminal complaint made on the basis of allegations supplied by defendant Gueli, charging him with Disorderly Conduct, Obstruction of Governmental Administration in the Second Degree, and Resisting Arrest.

24. Upon information and belief, plaintiff was prosecuted for several months pursuant to these allegations before he agreed to plead guilty to Obstruction of Governmental Administration in exchange for the dismissal of his charges for Resisting Arrest and Disorderly Conduct.

25. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore alleged misconduct engaged in against plaintiff.

26. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

27. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's and the NYPD's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

28. Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

29. At no time did defendants have any legal basis for using physical force against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

30. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

31. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

32. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

33. Plaintiff repeats the allegations contained in the foregoing paragraphs as though stated fully herein.

34. As a result of the failure to properly recruit, screen, train, supervise and discipline its police officers, including defendant officers, defendant City of New York has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

35. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and City of New York officials pursuant to customs, policies, usages, practices, procedures and rules of the City and City of New York, all under the supervision of ranking officers of the City of New York.

35. The City of New York has not only tolerated, but actively fostered a lawless atmosphere but was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

36. By reason thereof, defendant City of New York has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**THIRD CAUSE OF ACTION**

37. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

38. Plaintiff was subjected to assault, battery, and excessive force through the defendants' use of unreasonable force which was wholly unnecessary given the circumstances of this situation.

39. At no time did defendants have any legal basis for subjection plaintiff to excessive force, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

40. The defendants are therefore liable under New York law to plaintiff for assault, battery, and excessive force.

41. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

42. Defendant City of New York is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

vii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

viii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 3, 2015

By: /s/
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743

8